**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| WITOLD KANIA, | * |
| Plaintiffs, | * |
| v. | * |
| | * CASE NO. 8:25-cv-2463 |
| DAVID RICHARDSON, | * |
| in His Official Capacity as Administrator of the | * |
| Federal Emergency Management Agency, | * |
| Defendant. | * |

**COMPLAINT FOR DAMAGES**

COMES NOW, the Plaintiff, WITOLD KANIA, by and through the undersigned counsel, who sues the Defendant, DAVID RICHARDSON, in His Official Capacity as Administrator of the FEDERAL EMERGENCY MANAGEMENT AGENCY, and alleges as follows:

**Preliminary Statement**

1. Plaintiff's Complaint is for breach of an insurance policy arising out of a claim for damages sustained to Plaintiff's property as a result of flooding damage on or about September 26, 2024 from Hurricane Helene.

2. Plaintiff timely paid all premiums charged by the Defendant for the subject insurance policy.

3. The Defendant failed to indemnify the Plaintiff for the covered losses.

4. Plaintiff now seeks damages against the Defendant for the breach of contract and the Defendant's failure to pay the Claim.

**Parties, Jurisdiction, and Venue**

5. Jurisdiction over this dispute is exclusive to this Court pursuant to 42 U.S.C. §4053. Jurisdiction is also appropriate in this action pursuant to 28 U.S.C. §1331.

6. At all times material hereto, Plaintiffs were insured under a flood insurance policy issued, policy number RL11133401, were and are individuals over the age of eighteen (18) years that owned real property in Sarasota County, Florida, and were otherwise sui juris.

7. Federal Emergency Management Agency (FEMA) is a federal agency under the United States Department of Homeland Security that administers and issues flood insurance policies pursuant to the National Flood Insurance Program and the National Flood Insurance Act of 1968, as amended, 42 U.S.C.§ 4001, et seq.

8. Defendant DAVID RICHARDSON, the Senior Official Performing the Duties of FEMA Administrator, is a proper party to this action pursuant to 42 U.S.C. §4072, which authorizes suit against the Administrator of FEMA in his official capacity to assert claims related to the disallowance or partial disallowance of a flood insurance claim. See also, 44 C.F.R. §§61, App. A(1), Section VII(R) and 62.22.

9. This action arises under the NFIA, Federal regulations and common law, and the flood insurance policy that FEMA procured for and issued to Plaintiff pursuant to the NFIA. The Policy covered losses to Plaintiffs' Property located in this judicial district.

10. Federal Courts have exclusive jurisdiction pursuant 42 U.S.C. § 4072 over all disputed claims under NFIA policies, without regard to the amount in controversy, whether brought against the government or a WYO company.

11. This Court has original exclusive jurisdiction to hear this action pursuant to 42 U.S.C. § 4072 because the insured property is located in this judicial district.

12. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Plaintiff's Property is located and where a substantial part of the events at issue took place.

14. All conditions precedent have been performed, satisfied, discharged or waived.

### Operative Facts

15. The Defendant, for good and valuable consideration, issued a standard flood insurance policy to the Plaintiffs, bearing policy number RL11133401, insuring against risk of flood loss to Plaintiffs' building and contents. A copy of the declarations page of the insurance policy is attached as Exhibit "A."

16. At all material times, the Plaintiffs had timely paid all premiums due on the insurance policy and the policy was in full force and effect at all times material to this action.

17. On or about September 26, 2024, the Plaintiff suffered loss and damage as a result of flooding, a peril covered under the subject flood insurance policy, from Hurricane Helene.

18. Plaintiff provided timely and sufficient notice to the Defendant of the losses, damages and claims being asserted.

19. Defendant acknowledged the claim and has had sufficient opportunity to investigate and adjust the loss and damages.

## Count I – Breach of the Insurance Policy

20. The Plaintiff reaffirms and realleges the allegations contained in paragraphs 1 through 19 above, and further allege:

21. Damages and losses sustained by the Plaintiff on or about September 26, 2024 from Hurricane Helene are covered under the subject flood insurance policy.

22. The Defendant failed to indemnify the Plaintiff for the full value of the loss and damage sustained and covered by the Policy.

23. Defendant's failure to indemnify the Plaintiffs is a breach of the insurance policy.

24. As a direct result of Defendant's breach, the Plaintiff has and continues to suffer damage.

25. Plaintiff has been damaged as a result of the Defendant's breach of the insurance contract, and bring this action in order to force the Insurer to satisfy its obligations under the insurance contract.

26. WHEREFORE, the Plaintiff, WITOLD KANIA, respectfully requests the entry of judgment in his favor and against the Defendant, for all proceeds due under the subject insurance policy as to be determined at trial, together with pre- and post-judgment interest and costs as allowable by law, and for such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable as of right by jury.

Respectfully submitted this 12th day of September, 2025.

>LAW OFFICES OF GEOFFREY GILBERT, P.A.
*Attorney for the Plaintiff*
80 NE 4th Avenue, Suite 12
Delray Beach, Florida 33483
Telephone: (561) 570-2915
F.R.J.A. Email: pleadings@GilbertLawFL.com

By: _____
    Geoffrey Gilbert
    Florida Bar No. 547417
    North Carolina Bar No. 55548




| | |
|---|---|
| **Policy Number:** | RL11133401 |
| **Policy Term:** | April 26, 2024 at (12:01 a.m.) - April 26, 2025 at (12:01 a.m.) |
| **Endorsement Effective Date:** | April 26, 2024 at (12:01 a.m.) |
| **Reason for Change:** | Other |
| **Policy Form:** | Dwelling Policy |
| **Policy Declarations Type:** | Revised Policy Declarations |
| **Rate Category:** | Rating Engine |
| **Insured Property Location:** | 413 ISLAND CIR<br>SARASOTA, FL 34242-1939 |

**To report a claim visit** https://my.nfipdirect.fema.gov
**or call us at:** (800) 767-4341

# FLOOD INSURANCE POLICY DECLARATIONS
This Declarations Page is part of your Policy.  **THIS IS NOT A BILL.**

**Policyholders(s)/Mailing Address:**
MR WITOLD KANIA
40 BRANDON RD
NORTHFIELD, IL 34242

**Agent:**
ROBERT FORSYTHE, FORSYTHE INSURANCE SERVICES INC
886 PARK AVE #101-102
MARCO ISLAND, FL 34145
(239) 393-4100
BOB@FORSYTHE-INSURANCE.COM

**Insurer NAIC Number:** 99999

## Policy Coverages & Endorsements

| COVERAGE | LIMIT | DEDUCTIBLE |
|---|---|---|
| Building | $250,000 | $10,000 |
| Contents | N/A | N/A |

**$5,460.00**
Revised Total Annual Payment
Includes Premium, Discounts, Fees, and Surcharges

**Payor:** Lender (1st Mortgagee)

## Premium Details

| | |
|---|---:|
| *Building Premium* | **$4,928.00** |
| *Contents Premium* | *$0.00* |
| *Increased Cost of Compliance (ICC) Premium* | *$75.00* |
| *Mitigation Discounts* | *($0.00)* |
| *Community Rating System Discount* | *($256.00)* |
| ***Full-Risk Premium*** | ***$4,747.00*** |
| Statutory Discounts | |
| • Annual Increase Cap Discount | ($372.00) |
| ***Discounted Premium*** | ***$4,375.00*** |
| Fees and Surcharges | |
| • Reserve Fund Assessment | $788.00 |
| • Homeowner Flood Insurance Affordability Act of 2014 (HFIAA) Surcharge | $250.00 |
| • Federal Policy Fee | $47.00 |
| ***Total Annual Premium*** | ***$5,460.00*** |
| ***Prorated Premium Adjustment*** | *$0.00* |
| **Revised Total Annual Payment (Premium, Discounts, Fees and Surcharges)** | **$5,460.00** |



Page **1** of **2**

 

**Policy Number:** RL11133401

## Location and Property Information

| | |
|---|---|
| **Primary Residence** | No |
| **Building Occupancy** | Single-Family Home |
| **Building Description** | Main Dwelling |
| **Building Description Detail** | N/A |
| **Current Flood Zone** | AE |
| **First Floor Height** | 1.1 ft |
| **Method Used to Determine First Floor Height** | FEMA Determined |
| **Property Description** | Slab on grade (Non-Elevated), 1 floor(s), Masonry construction |
| **Number of Units** | N/A |
| **Date of Construction** | 01/01/1953 |
| **Prior NFIP Claims** | 1 claim(s) |

*Your property's NFIP flood claims history can affect your premium. For more information, contact your insurance agent or company.*

## Lender Information

**1st Mortgagee**
PENNYMAC LOAN SERVICES LLC
ISAOA
PO BOX 6618
SPRINGFIELD, OH 45501
Loan No: 8194207458

**Loss Payee**
N/A

**2nd Mortgagee**
N/A

Loan No: N/A

**Disaster Agency**
N/A

Loan No: N/A

Case No: N/A
Disaster Agency: N/A

---

Please review this declaration page for accuracy. If any changes are needed, contact your agent. The "Full Risk Premium" is for this policy term only. It is subject to change annually if there is any change in the rating elements. "Mitigation Discounts" may apply if there are approved flood vents and/or the machinery & equipment is elevated appropriately.

For questions about your flood insurance policy rating, contact your agent or insurance company. To learn more about your flood risk please visit FloodSmart.gov/floodcosts.